UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                    Chapter 11

Roosevelt Avenue Corp.                   Case no. 11-43782

                              Debtor.
----------------------------------------------------------x

## APPLICATION TO RETAIN DEBTOR'S COUNSEL

       Roosevelt Avenue Corp., the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor as of the filing of the above-captioned case pursuant to section 327(a) of the Bankruptcy Code, respectfully represents as follows:

       1.      On May 4, 2010 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor has continued its business as a debtor-in-possession. No trustee or creditors committee has been appointed.

       2.      The Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York 10017, as its counsel in this case.

       3.      The Debtor has selected BFK for the reason that the members of BFK have considerable expertise in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and commercial litigation, among others. In addition, in connection with its engagement by the Debtor, BFK has become familiar with the Debtor's affairs.

Accordingly, the Debtor believes that BFK is well qualified to represent the Debtor in these proceedings.

4. The professional services BFK will be required to render include, but are not limited to the following: providing the Debtor with legal counsel with respect to its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case; preparing on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required in connection with the Chapter 11 case; providing the Debtor with legal services with respect to formulating and negotiating a plan of reorganization with creditors; and performing such other legal services for the Debtor as may be required during the course of the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against the Debtor.

5. To the best of the Debtor's knowledge, BFK and its respective attorneys have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountant

6. The Debtor believes that the retention of BFK in the best interest of the Debtor's estate.

7. No receiver, trustee or examiner has been appointed herein nor have any official committees been appointed in this case.

8. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      May 4, 2010

By: <u>s/Daniel Lee, as President</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                      Chapter 11

Roosevelt Avenue Corp.                     Case no. 11-43782

                       Debtor.          **AFFIDAVIT**
---------------------------------------------------------x
STATE OF NEW YORK    )
                                )ss.:
COUNTY OF NEW YORK  )

        Mark A. Frankel, being duly sworn, deposes and says:

        1.     I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York 10017. I am fully familiar with the facts hereinafter stated, and make this affidavit in support of the application to retain BFK as counsel to the above-captioned debtor (the "Debtor"), herein.

        2.     I am duly admitted to practice before this Court, and will assume primary responsibility for this matter.

        3.     Insofar as I have been able to ascertain, the members and associates of BFK and are disinterested parties within the meaning of § 101(14) of the Bankruptcy Code and have no interest adverse to the Debtor's estate, its respective creditors, the Office of the United States Trustee, or any other party in interest herein, or their respective attorneys and accountants.

        4.     BFK's hourly rates are as follows: paralegal time: $125, Scott A. Krinsky: $450, Mark A. Frankel: $485, Abraham J. Backenroth: $550. If BFK determines to raise its

1

hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing. BFK also demands reimbursement for out of pocket expenses such as out of pocket travel expenses in the amount incurred, filing fees in the amount incurred, Westlaw computerized legal research in the amount incurred, and photocopies at $.20 per page. BFK was paid a $4,800 retainer by the Debtor in April 2011 and an additional $50,000 on May 4, 2011 by Daniel Lee. BFK incurred fees totaling $11,011 prior to the filing the Debtor's case, leaving a $43,790 retainer for this case. BFK agrees to apply any interim and final fee awards herein against such post-petition retainer amount as such awards are made, before seeking additional funds from the Debtor to cover such awards.

     5.    No agreement or understanding exists between BFK and any person for a division of compensation or reimbursement received or to be received herein or in connection with the within cases.

     6.    I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtor's counsel in this matter.

                                                    s/Mark Frankel

Sworn to before me this
4nd day of May, 2011

s/Scott Krinsky
Notary Public

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                    Chapter 11

Roosevelt Avenue Corp.                   Case no.  11-43782

                 Debtor.
------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL

Upon the application of the above-captioned debtor ("Debtor"), requesting authorization to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtor herein, and upon the Affidavit of Disinterest by Mark Frankel, Esq., and it appearing that Backenroth Frankel & Krinsky, LLP represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Debtor be, and it hereby is, authorized pursuant to section 327(a) of the Bankruptcy Code to employ Backenroth Frankel & Krinsky, LLP, as its counsel as of the filing this Chapter 11 case; and it is further

ORDERED, that the amount of compensation paid by the Debtor shall be determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the

1

Bankruptcy Code, any applicable Standing Orders of the United States Bankruptcy Courts and the Guidelines of the Office of the United States Trustee.

Dated: New York, New York
_____ , 2011

_____
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION

s/ _____
Office of the United States Trustee